UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HAROLD FRANKLIN BRAITHWAITE, | ) | Case No.  5:06 CV 2937 |
| | ) | |
| Petitioner, | ) | Judge Patricia A. Gaughan |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| MICHELE EBERLIN, WARDEN, | ) | |
| | ) | |
| Respondent, | ) | Magistrate Judge James S. Gallas |
| | ) | |

Petitioner Harold Franklin Braithwaite is a state prisoner following his October 12, 2004

guilty pleas, resulting convictions, and four year sentence in the Stark County Court of Common

Pleas on charges of aggravated robbery and felonious assault.   His subsequent *pro se* activities in

state court failed to raise any arguments to the Ohio Supreme Court and the resulting delay has made

this petition (deemed filed on November 20, 2006) untimely because it has been filed after the

expiration of the "1-year period of limitation" of 28 U.S.C. §2244(d)(1).


*Ground for federal review:*

Braithwaite's sole claim for federal habeas corpus relief is:

Petitioner's sentence fails to comport with the dictates of *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531.


In *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the

Supreme Court reaffirmed its position that "[o]ther than the fact of a prior conviction, any fact that

increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a

jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at 301 (quoting *Apprendi v. New*

2

*Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435  (2000)).  What changed in *Blakely*

from *Apprendi* was the definition of "statutory maximum" sentence from a penalty enhancing the

sentence beyond the prescribed statutory maximum to "the maximum [the court] may impose

*without* any additional findings." *Blakely v. Washington*, 542 U.S. at 303-304, 124 S.Ct. at 2537

A violation of the Sixth Amendment right to trial by jury results "[w]hen a judge inflicts punishment

that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes

essential to the punishment,' *Bishop, supra*, §87, at 55, and the judge exceeds the proper authority."

*Blakely v. Washington*, 542 U.S. at 303-304, 124 S.Ct. at 2537.


The reasoning in *Blakely* and its subsequent application in *United States v. Booker*,  543 U.S.

220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), disfavors determinate sentencing schemes which

require the sentencing judge to apply finite variables to calculate a permissible sentence in accord

with progressively severe preset targets which limit judicial discretion.  There is far less friction with

the Sixth Amendment in indeterminate sentencing where the sentencing judge operates solely under

personal discretion in formulating a sentence up to legislatively-set maximums, because no

additional explicit fact-finding is required.


Braithwaite's goal is to reduce his aggregate concurrent sentences from four years to three

years (the minimum term for aggravated robbery which as a first degree felony carries a minimum

sentence of three years).  See Ohio Rev. Code §2911.01(C) (aggravated robbery is first degree

felony); and §2929.14(A)(2) (three year minimum term for first degree felonies). Braithwaite wishes

the court to believe that the extra year added to his sentence was a product of improper judicial fact-

3

finding.  Braithwaite further seeks to incorporate the February 27, 2006 decision in *State v. Foster*,

109 Ohio St.3d 1, 845 N.E.2d 470, 2006 - Ohio - 856 (2006), *cert. denied*, -U.S.-, 127 S.Ct. 442, 166

L.Ed.2d 314 (2006), where the Ohio Supreme Court evaluated the state's sentencing scheme in light

of the holdings of the U.S. Supreme Court in *Blakely* and *Booker*.  The Ohio Supreme Court

determined that Ohio's felony, sentencing plan is a "hybrid" of determinate and indeterminate

sentencing, *Foster*, 109 Ohio St.3d at 12, and, the court severed the determinate aspects of the

system. *Id.* at 17.  Following the lead of state supreme court decisions in Indiana and New Jersey,

(*Foster*, 109 Ohio St.3d at 27 n.98), the Ohio Supreme Court eviscerated § 2929.14(B)'s

presumption in favor of a minimum term.  *Id.* at 20.  Similarly, the court severed § 2929.14(E)'s fact-

finding requirements prior to imposing consecutive sentences.  *Id.*  Both provisions which governed

maximum and consecutive sentencing were struck down on grounds that they permitted judges to

impose heightened sentences only after engaging in additional fact-finding as found unconstitutional

in *Blakely*.  *Foster,* at 25


*Untimeliness:*

On November 20, 2006 Braithwaite filed *pro se* a petition for a writ of habeas corpus under

28 U.S.C. §2254.[1]  This petition, as respondent argues, is untimely  because a habeas corpus attack

---

[1] Although inconsequential to resolution of the timeliness issue, Braithwaite's *pro se* petition is treated as having been filed on the date he certified as the date it was placed in the prison mailing system.  This is an application of the "prison mailbox" rule from *Houston v. Lack*, 487 U.S. 266, 274 (1988), which approximates the date the petition was surrendered to prison authorities for mailing. See *Miller v. Collins*, 305 F.3d 491, 497-498 & n. 8 (6th Cir. 2002). Here Braithwaite used a §2254 application form which specifically requested declaration of the date the application was placed in the prison mailing system, and Braithwaite submitted his petition stating this date as November 20, 2006.

5:06 CV 2937                                   4

of a conviction in the state courts must be filed within one year after the conviction becomes "final"

pursuant to 28 U.S.C. §2244(d)(1)(A). [2]

Under §2244(d)(1)(A) the "1-year period of limitation" begins to run at the conclusion of

direct review.  The calculation for Braithwaite's "1-year period" commences with Monday, October

12, 2004, when Braithwaite, represented by counsel, changed his pleas to guilty followed that same

day by a concurrent sentence to  4 years and journalization of these events.  Since Braithwaite did

not seek a timely direct appeal within 30 days as required by Ohio R. App. P. 4(A), that 30-day

period expired on Thursday, November 11, 2004, but since that 30-day period fell on Veterans Day

according to respondent, the courts were closed and the final day became November 12, 2004.  See

---

[2]  28 U.S.C. §2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

5:06 CV 2937                                        5

*DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006) (statute begins to run with expiration of Ohio R.

App. P. 4(A)'s time to appeal); *Bronaugh v. Ohio*, 235 F.3d 280, 282 ( 6th Cir 2000)(court applies

Fed. R. Civ. P. 6(a) in computing time).  Thus, the period of limitations began running on November

13, 2004, "the expiration of the time for seeking such [direct] review," and ran uninterrupted through

September 1, 2005.


  The statute tolled on September 1, 2005 when Braithwaite filed a motion for judicial release.

Respondent argues that this motion had no tolling effect under §2244(d)(2) because it did not

challenge the underlying conviction or invoke the ground now raised in federal habeas corpus.   The

motion for judicial release was a counseled motion brought under Ohio Rev. Code §2929.20(B)(2)

for release after serving 6 months of the sentence (Return of Writ Ex. 5, ECF #5-5).  First, this post-

conviction matter clearly was  "with respect to the pertinent judgment" as required by §2244(d)(2)

since "[t]he sentence is the judgment." [3]  Second, there is no requirement that the state post-

conviction matter challenge the conviction on the same claim as the federal habeas petition.

Respondent is attempting to invoke the short-lived rule from *Austin* that in order for a state post-

conviction proceeding to toll the statute, the state petition must address one or more of the grounds

in question in the federal petition.  See  *Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999), *cert.*

*denied*, 530 U.S. 1210 (2000); *Valentine v. Francis*, 270 F.3d 1032, 1034-35 (6th Cir. 2001).   This

rule was abrogated in *Cowherd v. Million*, 380 F.3d 909 (6th Cir. 2004).

---

[3] *Corey v. U.S.*, 375 U.S. 169, 174, 84 S.Ct. 298, 11 L.Ed.2d 229 (1963); *Berman v. U.S.*, 302 U.S. 211, 212,
58 S.Ct. 164, 82 L.Ed.204 (1937). ("Final judgment in a criminal case means sentence. The sentence is the judgment."

5:06 CV 2937                                    6

Allowing for tolling under §2244(d)(2), the "1-year period" resumed on November 22, 2005, following Braithwaite's withdrawal of his motion for judicial release on November 21, 2005 (See Respondent's Ex. 6). By September 1, 2005, 292 days of the "1-year period" had passed leaving 73 days following resumption, and this "1-year period" expired on February 2, 2006.

On February 8, 2006, Braithwaite filed a second motion for judicial release with the state trial court (Respondent's Ex. 7), followed on March 14, 2006 with an amended motion for judicial release (Respondent's Ex. 9). A final motion for judicial release was filed on September 15, 2006 (Respondent's Ex. 13). Once the "1-year period" has run, however, it cannot be restarted or retriggered by subsequent state court proceedings. See *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (Ohio R. App. P. 26(B)); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) (delayed appeal under Ohio R. App. P. 5(A)); *Bronaugh v. Ohio*, 235 F.3d 280, 286-87 (6th Cir. 2001) (Ohio App. R. 26(B)). Since the time limitation had previously expired, these subsequent collateral proceedings are inconsequential.

Also about this time on May 12, 2006, Braithwaite filed his first federal habeas corpus application under 28 U.S.C. §2254. This also fails to preserve the second petition (filed November 20, 2006), because the prior petition did not toll the running of the statute under §2244(d)(2). It was a matter of "Federal" not "State" post conviction collateral review. See *Duncan v. Walker*, 533 U.S. 167, 172-74, 121 S.Ct. 2120, 2121, 2125, 150 L.Ed.2d 251 (2001).

5:06 CV 2937                                        7

*Delayed Appeal Did Not Toll Running of Statute:*

When Judge Polster dismissed the first §2254 habeas application he pointed out, "[w]ithout regard to the merits of Braithwaite's assertions, it is evident on the face of the petition that he has yet to appeal his sentence, an avenue still available to him under Ohio Appellate Rule 5. His petition is thus premature." (Petition Ex. 3, Respondent's Ex. 18).  This dismissal was followed by Braithwaite's notice of direct appeal on September 15, 2006 and his September 20, 2006 motion for delayed appeal. (Respondent's Ex. 15-16).  On October 30, 2006 the state appellate court denied leave to file the delayed appeal finding that Braithwaite had failed to demonstrate good cause to excuse its untimeliness (Respondent's Ex. 17).  No appeal was taken.

Motions for delayed appeal in Ohio's courts may toll the statute of limitations under 28 U.S.C. §2244(d)(2) but are not part of the direct appeal process for purposes of 28 U.S.C. §2244(d)(1)(A).  See *Searcy v. Carter*, 246 F.3d at 519; *DiCenzi v. Rose*, 452 F.3d at 468.  A post-deadline motion to file delayed appeal under Ohio R. App. P. 5(A) has no effect on the "1-year period" of §2244(d)(1)(A).  *Winkfield v. Bagley*, 66 Fed. Appx. 578, 582 (6th Cir. May 28, 2003) (unpublished opinion), *cert. denied*, 540 U.S. 969 (2003).

*No Revival of "1-year period" due to State Post-Conviction Proceedings:*

Braithwaite petitioned for state post-conviction relief under Ohio Rev. Code §2953.21 on April 25, 2006, and he maintains that these proceedings extended the time limit because his initial motion was not dismissed for untimeliness.  The state trial court's ruling acknowledged the 180 day

5:06 CV 2937                                      8

state statute of limitations under Ohio Rev. Code §2953.21(A)(2) but found the petition to be timely. The trial court determined that there was no merit to Braithwaite's *Blakely*-based argument (Petition Ex. 2, Respondent's Ex. 11).  No appeal was taken.

Braithwaite maintains that the fact that his April 2006 state post-conviction petition was found to be timely somehow revives the federal statute of limitation.  This point bears some discussion.  It is well-established that a state post-conviction matter that is untimely filed is not "properly filed" for purposes of §2244(d)(2)'s tolling provision since tolling occurs "[t]he time during which a *properly filed* application for state post-conviction . . . review . . . is pending." (emphasis supplied).  The Supreme Court recently in *Allen v. Siebert*, - U.S. -, 128 S.Ct. 2, 169 L.Ed.2d 329 (2007) laid to rest any question that a state post-conviction matter that is dilatory is not "properly filed" and does not toll the statute of limitations under §2244(d)(2).

The converse, though, is not true.   A timely filed state post-conviction matter does not resuscitate §2244(d)(1)'s "1-year period."  "It can only serve to pause a clock that has not yet fully run."  *Vroman v. Brigano*, 346 F.3d at 602.   Respondent's argument is therefore correct, the petition deemed filed in November 2006 is untimely pursuant to §2244(d)(1)(A).

*Ignorance of right to counsel or appeal:*

Braithwaite had argued in state court that his untimeliness is excused by his not being informed of his right to counsel or an appeal in his attempt to prosecute an Ohio R. App. P. 5(A)

5:06 CV 2937                                             9

delayed appeal (See Petition Ex. 6, Return, Ex. 16).  This argument could be construed as a matter

governed by §2244(d)(1)(D), as it was in *DiCenzi* insofar as knowledge of the right to appeal is

concerned, [4] or a State-created impediment to filing under §2244(d)(1)(B).  Regardless, the notable

omission of ths argument from the petition brief and traverse results in its waiver for purposes of

Braithwaite's federal petition.


*§2244(d)(1)(C) and (D):*

      In her answer respondent argued, "*Blakely's* application to Ohio Sentencing Guidelines was

in considerable flux for a period of time in the intermediate appellate courts until the recently

decided case of *State v. Foster*, 109 Ohio St.3d 1, 2006 - Ohio - 856.  In fact, prior to *Foster*, nine

out of 12 of Ohio appellate courts had reached the conclusion that *Blakely* did **not** apply to Ohio's

sentencing statutes." (Return of Writ, p. 23, ¶1).  Building upon this statement, Braithwaite argues

in his traverse that there is "novelty" to his *Blakely* claim.  Braithwaite's argument can be construed

as falling within either that the "1-year period" did not begin to run until " the date on which the

constitutional right was initially recognized by the Supreme Court under §2244(d)(1)(C) or "the date

on which the factual predicate of the claim or claims presented could have been discovered through

the exercise of due diligence," under §2244(d)(1)(D).

---

[4] See *DiCenzi*, 452 F.3d at 469-71; quoting from the Second Circuit, the court explained, "The proper task in the case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal].  After that date, petitioner was entitled to further delay . . . so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence."  *DiCenzi*, 452 F.3d at 470 quoting *Wims v. U.S.*, 225 F.3d 186, 190 (2nd Cir. 2000).

5:06 CV 2937                                  10

First, for purposes of §2244(d)(1)(D), though, the factual predicate was discoverable and was clearly extant in the state trial court's October 12, 2004 judgment.   Second, for purposes of §2244(d)(1)(C) there was no constitutional right "newly recognized by the Supreme Court"  *Blakely* was decided prior to Braithwaite's October 2004 conviction and sentence and this  was available to Braithwaite.

*State v. Foster* may have set out new constitutional principles, but that state decision did not express a "newly recognized right by the Supreme Court."  The reference under §2244(d)(1)(C) to "the Supreme Court" was clearly intended to refer to the Supreme Court of the United States.  *State v. Foster* was an extrapolation of *Blakely* and *Booker* that struck down Ohio's legislatively mandated minimum sentences.  This state court ruling was not recognition by the Supreme Court of the United States of a new rule.  The reasoning exposited in *Foster* was derived from the reasoning of two other state supreme courts.    There was consequently no missing factual predicate or newly recognized constitutional right from Supreme Court decision.  Consequently, there is no reason  for stay of the "1-year period" beyond the expiration of time for seeking direct review.  This November 2006 petition is untimely and should be dismissed under 28 U.S.C. §2244(d).

*No Equitable tolling:*

"[T]he doctrine of equitable tolling allows a federal court to toll a statute of limitations when, 'a litigant's failure to meet a legally-motivated deadline unavoidably arose from circumstances beyond that litigant's control.'"  *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005), quoting

5:06 CV 2937                                11

*Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). Braithwaite, though, bears the burden of establishing entitlement. See *Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002); *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003); *Keenan*, 400 F.3d at 420. Braithwaite must show, "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, - U.S. -, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007), quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). The record shows only that Braithwaite first raised his *Blakely* argument in his April 25, 2006 state post-conviction following an 18month delay. This does not demonstrate diligence on Braithwaite's part, nor an extraordinary circumstance to excuse untimeliness under §2244(d)(1)(A).

*Braithewaite is Excused from Exhaustion of State Remedies:*

As set out previously, Braithwaite failed to appeal from the denial of his Ohio R. App. P. 5(A) delayed appeal and failed to appeal from the denial of his state post-conviction relief petition under Ohio Rev. Code §2953.21. The exhaustion doctrine requires that the prisoner "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732-33, 144 L.Ed.2d 1 (1999). This includes any discretionary appeals to the state's highest court. Even though a state prisoner does not have a right to review he does have "a right to raise" his claims before that court. *Id.*, 526 U.S. at 845, 119 S.Ct. at 1733. This basic principle has not been changed as a result of Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).

5:06 CV 2937                                        12

*E.g., Stewart v. Martinez-Villareal*, 523 U.S. 637, 118 S.Ct. 1618, 1621-22, 140 L.Ed.2d 849 (1998);

*Carey v. Saffold,* 536 U.S. 214, 122 S.Ct. 2134, 2138, 153 L.Ed.2d 260 (2002); *Rhines v. Weber*, 544

U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).


Braithwaite cannot take a delayed appeal from the denial of his state post-conviction

petition.[5] Respondent argues, however, that the *Blakely* argument has not been exhausted since

delayed appeal is available under Ohio S. Ct. Prac. R. II §2(4)(a) for an appeal to the Ohio Supreme

Court from the prior Ohio R. App. P. 5(A) delayed appeal. However, under similar circumstances

the Sixth Circuit in *Deitz v. Money*, ruled the district court was required to address the petitioner's

claim on the merits  notwithstanding that the claim had not been exhausted in state court, holding

that the attempt to exhaust would be futile following the state appellate court's denial of delayed

appeal under Ohio R. App. 5(A) for failure "to set forth sufficient reasons for having failed to perfect

a timely appeal." *Id.*, 391 F.3d 804, 809, 811-12 (6th Cir. 2004). The state appellate court reviewing

Braithwaites's application for delayed appeal likewise found no miscarriage of justice on the face

of the record and that "'[l]ack of effort or imagination, and ignorance of the law, are not such

circumstances and do not automatically establish good cause for failure to seek timely relief'. *State*

*v. Reddick*  (1995), 72 Ohio St. 3d 88, 1995-Ohio-249, 647 N.E.2d 784." (Petition Ex. 6,

Respondent's Ex. 17). Although Braithwaite has not given the state courts one full opportunity to

---

[5] Ohio post-conviction matters under Ohio Rev. Code §2953.21 are deemed to be civil in nature for which delayed appeal of criminal proceedings under Ohio R. App. P. 5(A)(1) is unavailable. See *Ewing v. McMackin*, 799 F.2d 1143, 1151 n. 15 (6th Cir. 1986); *State v. Nichols*, 11 Ohio St.3d 40, 43, 463 N.E.2d 375, 378 (1984).

5:06 CV 2937                                    13

resolve any constitutional issues,"28 U.S.C. §2254(b)(1)(B)(I) excuses exhaustion when 'there is an

absence of state corrective process.'" *Deitz,* 391 F.3d at 812.


*Braithwaite's Ground is Meritless:*

      It is unnecessary to resolve the merits of Braithwaite's ground since this petition is untimely

filed.  Nevertheless, respondent urges resolution of the merits and it will establish that Braithwaite

was not deprived of his Sixth Amendment right to trial by jury. The Supreme Court has recently

distilled its holdings in *Blakely* and *Booker* to a simplified rule:

> The Sixth Amendment question, the Court has said, is whether the law
> *forbids* a judge to increase a defendant's sentence *unless* the judge finds facts
> that the jury did not find (and the offender did not concede) (emphasis in
> original). *Rita v. U.S.,* - U.S. -, 127 S.Ct. 2456, 2466 (2007).

 As illustrated, the Supreme Court now speaks of "concession" following its prior treatment of this

matter as "waiver" illustrated in *Blakely:*

> But nothing prevents a defendant from waiving his *Apprendi* rights.  When
> a defendant pleads guilty, the State is free to seek judicial sentence
> enhancements so long as the defendant either stipulates to the relevant facts
> or consents to judicial factfinding.  See *Apprendi,* 530 U.S. at 488, 120 S.Ct.
> 2348; *Duncan v. Louisiana*, 391 U.S. 145, 158, 88 S.Ct. 1444, 20 L.Ed.2d
> 491 (1968).  If appropriate waivers are procured, States may continue to offer
> judicial factfinding as a matter of course to all defendants who plead guilty.

*Blakely v. Washington*, 542 U.S. at 310, 124 S.Ct. at 2541.

5:06 CV 2937                                    14

Braithwaite entered his guilty pleas pursuant to an agreement made with the State that contained a fixed sentence of four years.[6] His sentence was the product of the trial court's acceptance of an agreement made between the State and Braithwaite. Braithwaite was not confronted by circumstances where sentence was based on the trial court's additional factual findings. The trial court's additional comments referencing the record, oral statements, victim impact statement, the presentence report and statement that the court had evaluated sentencing factors under Ohio Rev. Code §2929.14(B) concerning the issues of demeaning the seriousness of defendant's conduct and protecting the public from future crime, were all essentially immaterial since the four-year sentence had been stipulated and the trial court could only accept or reject the plea bargain. Braithwaite's agreed plea under Ohio Rev. Code §2953.08(D) can be construed either as a concession to the State for a four year sentence, or relinquishing his right to the minimum three year sentence.

---

[6]    The trial court's judgment entry states on page 2:

> Whereupon the Court was duly informed in the premises on the part of the State of Ohio, by the Prosecuting Attorney, and on the part of the defendant, by the defendant and his counsel, and thereafter the Court asked the defendant whether he had anything to say as to why judgment should not be pronounced against him, and the defendant, after consulting with his counsel, said that he had nothing further to say except that which he had already said, and showing no good and sufficient reason why sentence should not be pronounced, and defendant having been afforded his rights under Crim. Rule 32 and having heretofore waived his right to a sentencing hearing, and further having agreed to the sentence of four (4) in prison, the Court thereupon pronounced sentence.

(Petitioner's Ex. 1, Return Ex. 4).

5:06 CV 2937                                        15

Respondent argues that the court analyze the issue form the standpoint commencing with *State v. Porterfield,* 106 Ohio St.3d 5 (2005) and *State v. Mathis*, 109 Ohio St.3d 54 (2006), in an effort to legitimize with judicial approval Ohio's "agreed sentence" procedure which includes relinquishment of an appeal. This foundation has been used as a springboard in other cases. See *Suttles v. Warden, Noble Correctional Institution*, 2007 WL 2110498 at *7-11 (S.D. Ohio); *Chatman v. Wolfe*, 2007 WL 2852341 (S.D. Ohio). The decision in *Chatman* stated that the petitioner was not entitled to relief because he waived the right to appeal the agreed-to sentence. The decision acknowledged, though, that the record reflected petitioner's awareness of appeal rights. In contrast Braithwaite has not expressly waived any appeal rights. Scrutiny of this issue from this vantage point would require digression into tangential issues of legitimacy of Ohio's procedure, which are completely unnecessary.


It is far more practical to begin this analysis from the standpoint, "that there are significant differences . . . between a sentence which results from a [sentence-stipulated] plea agreement and other sentences that the court computes independently..." *United States. v. Cieslowski*, 410 F.3d 353, 356 (7th Cir. 2005). "The Sixth Amendment does not apply to agreed-upon facts; it regulates the decisionmaker of disputed facts." *United States v. Bradley,* 400 F.3d 459, 462 ( 6th Cir.2005), *cert. denied*, 546 U.S. 862, 126 S.Ct. 145, 163 L.Ed.2d 144 ( 2005). Accordingly, "when the sentence the court imposes is legal under the governing statute and results from the defendant's exclusive agreement, it is not affected by the judge's perception" of sentencing rules. *Cieslowski*, 410 F.3d at 356. There was no judicial factfinding and there was concession and waiver by Braithwaite.

5:06 CV 2937                                    16

Consequently, respondent is correct when she argues that the *Blakely* claim is not properly before

this court because it was waived pursuant to the plea agreement when Braithwaite entered a plea of

guilty in lieu of a trial by a judge or jury.


### *CONCLUSION AND RECOMMENDATION*

Federal review of this petition is foreclosed by untimely presentation pursuant to 28 U.S.C.

§2244(d)(1)(A). Moreover gratuitous review of Braithwaite's argument reveals that there is no merit

to his ground. Accordingly petitioner has not demonstrated that he is in custody pursuant to a

judgment of the state court which resulted in a decision that was contrary to or involved an

unreasonable application of Federal law as determined by the Supreme Court of the United States

or was the result of a decision based on an unreasonable interpretation of the facts in light of the

evidence in the State court proceeding.  See 28 U.S.C. §2254(d)(1) and (2).  The record discloses

no error resulting in denial of fundamental fairness or cause to hesitate due to the probability of

actual innocence.  There has been no demonstrated need for an evidentiary hearing.  It is

recommended that this application for habeas corpus be denied.


                                    _____s/James S. Gallas_____
                                       United States Magistrate Judge

Dated: **March 14, 2008**

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court
within ten (10) days of mailing of this notice.  Failure to file objections within the specified time
WAIVES the right to appeal the Magistrate Judge's recommendation. *See, United States v. Walters*,
638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).