**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Harold Franklin Braithwaite,** | ) | **CASE NO. 5:06 CV 2937** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Michelle Eberlin, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Gallas (Doc. 14) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court.  For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, Harold Franklin Braithwaite, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Magistrate Judge issued his Report and Recommendation recommending that the Petition be denied. Petitioner filed Objections to the Report and Recommendation.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

The Magistrate Judge determined that the Petition is untimely as not having been filed within the applicable statute of limitations period.  Additionally, petitioner's sole ground for relief was analyzed and found to be without merit.  Petitioner raises objections to the Magistrate Judge's findings which the Court finds unpersuasive.

Petitioner argues that his Petition should be considered timely because the State created an impediment, as provided in 28 U.S.C. § 2244(d)(1)(B), which prevented him from timely filing.[1] For the following reasons, this Court disagrees.  Petitioner's sentence was journalized on

---

[1]   28 U.S.C. § 2244(d) states in pertinent part,

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

October 12, 2004. Because he failed to seek direct review, his judgment became final 30 days later.  Due to an intervening holiday, the period of limitations began running on November 13, 2004 and would have expired one year later on November 13, 2005.  Petitioner filed a motion for judicial release with the state court on September 1, 2005 which the Magistrate Judge determined tolled the statute of limitations.  At that point, petitioner had 73 days remaining in his one year limitations period.  The limitations period resumed on September 22, 2005, after petitioner withdrew his motion for judicial release.[2]  As nothing else was filed during the following 73 day period, the statute of limitations expired on December 3, 2005.  The Petition was not filed until November 20, 2006.

Petitioner asserts that the State trial court created an impediment because the judge stated at the sentencing hearing that he would consider judicial release after one year, although the State statute provides that a prisoner sentenced for a felony of the first degree may file a motion for judicial release not earlier than 180 days after delivered to prison.  (Doc. 5 Ex. 3)   The Court does not consider this an "impediment" under the AEDPA to filing a habeas petition.   Rather, petitioner "was free to *file* such a petition at any time." *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005) (recognizing that the limited case law interpreting this section deals mostly with state prison officials' conduct in interfering with an inmate's ability to prepare and file a habeas petition by denying access to legal materials).  Moreover, § 2244(d)(1)(B) requires that the impediment be imposed "in violation of the Constitution or laws of the United States." *Id.*

---

[2] Both the Respondent and the Magistrate Judge state that the notice of withdrawal of the motion for judicial release was filed on November 21, 2005. However, the notice clearly shows that it was filed September 21. (Doc. 5 Ex. 6) The error is harmless as the Respondent's and Magistrate Judge's calculations from that date would have actually given Petitioner more time to file his Petition.

Petitioner fails to show how the trial judge's statement violates the Constitution or federal laws. Finally, despite the judge's statement, petitioner did file his motion for judicial release less than one year after the sentence. The notice of withdrawal did not state that the motion was being withdrawn due to the judge's statement that he would not consider it until a year after the sentence.

Petitioner also argues that the Magistrate Judge erred in the review of the merits of his claim. Again, this Court disagrees. Petitioner's sole claim is that "Petitioner's sentence fails to comport with the dictates of *Blakely v. Washington,* (2004) 542 U.S.296." The Magistrate Judge rejected this claim in that petitioner waived it by entering into a plea agreement with the State that contained a fixed four year sentence, which plea was accepted by the trial court which made no additional fact findings of its own. Petitioner asserts that his sentence should be reduced to the statutory minimum of three years. This Court disagrees for the reasons stated by the Magistrate Judge.

For the foregoing reasons, petitioner has not demonstrated that the Petition for Writ of Habeas Corpus should be granted.

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is denied.    Furthermore, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c) provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." *Id.* at 484. In instances where a claim is procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis supplied).

For the reasons stated herein and in the Report and Recommendation, the Court does not find that petitioner has satisfied this showing. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge

Dated: 7/21/08      5